# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| JOE SANDERS, II, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) Case No. 19-CV-0396-CVE-FHM |
| SCOTT CROW,[1] | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Joe Sanders, II, a state inmate appearing pro se, commenced this action on July 19, 2019, by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1) and submitting the requisite filing fee (Dkt. # 2). For the reasons that follow, the Court dismisses the habeas petition, without prejudice, for lack of subject-matter jurisdiction.

**I.  Background**

Petitioner purports to challenge the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-06-2341. Dkt. # 1, at 1.[2] In that case, a jury found petitioner guilty of first-degree murder, two counts of robbery with a dangerous weapon, and shooting with intent to kill. Id. at 1-2. In accordance with the jury's recommendations, the trial court imposed sentences of life without the possibility of parole for the murder conviction, 20 years' imprisonment for each robbery conviction, and 10 years' imprisonment for the remaining conviction. Id. at 1. In

---

[1]  Pursuant to FED. R. CIV. P. 25(d), the Court substitutes Scott Crow, Interim Director of the Oklahoma Department of Corrections, in place of Joe Allbaugh, the ODOC's former Director, as party respondent. The Clerk of Court shall note this substitution on the record.

[2]  The Court's citations refer to the CM/ECF header page number located in the upper right-hand corner of the petition.

2009, in Case No. F-2007-1103, the Oklahoma Court of Criminal Appeals (OCCA) affirmed petitioner's judgment and sentence on direct appeal. Id. at 2. The state district court subsequently denied petitioner's application for post-conviction relief. Id. at 3. Petitioner filed his first 28 U.S.C. § 2254 petition for writ of habeas corpus in 2010, and this court denied relief on the merits. Sanders v. Miller, No. 10-CV-567-TCK-TLW, 2013 WL 2323138 (N.D. Okla. 2013) (unpublished), certificate of appealability denied by 555 F. App'x 750 (10th Cir. 2014) (unpublished).[3]

In 2017, petitioner filed an application for post-conviction relief in state district court seeking testing of "biological material" under Oklahoma's Postconviction DNA Act, OKLA. STAT. tit. 22, §§ 1373-1373.7. Dkt. # 1, at 3. The state district court denied the application without holding an evidentiary hearing, and the OCCA affirmed the denial of post-conviction relief on May 20, 2019, in Case No PC-2018-792. Id. at 3-5.

As previously stated, petitioner filed the instant § 2254 habeas petition on July 19, 2019. Dkt. # 1, at 1. He identifies only one ground for relief: the "court erred in denying request for Post-Conviction DNA testing under Title 22 O.S. 1373." Id. at 5. In support, petitioner alleges,

> Blood stains found in victim's pants pocket excluded the petitioner and victim to a scientific certainty, hence petitioner requests bloody cell phone and bloody clothes and soda bottle recovered from the crime scene be tested. Petitioner makes this request in the interest of justice as well to prove innocence. Favorable results from this evidence would corroborate the DNA found in the victim's pants pocket causing exoneration or in the least reasonable doubt. The DNA blood stains found in victim's pant pocket was never presented in court before the jury, which is exculpatory evidence.

---

[3] Petitioner does not mention his prior § 2254 habeas petition in his instant petition. However, this Court takes judicial notice of its own record in the prior habeas case. See St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting federal court may "take judicial notice, whether requested or not, . . . of its own records and files and facts which are part of its public records" including "the court's own records of prior litigation related to the case before it").

2

Dkt. # 1, at 5. As relief for the state courts' allegedly erroneous denial of his request for post-conviction DNA testing, petitioner asks this Court to "set an evidentiary hearing for DNA testing." Id. at 14.

## II. Analysis

Federal district courts have a duty to "promptly examine" habeas petitions filed by state prisoners. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. "Under Habeas Corpus Rule 4, if 'it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading." Mayle v. Felix, 545 U.S. 644, 656 (2005); see also Boutwell v. Keating, 399 F.3d 1203, 1211 (10th Cir. 2005) (agreeing with federal district court's interpretation that Rule 4 "require[s] dismissing a habeas petition that fails to allege facts that state a constitutional violation"). Here, the Court finds the instant petition must be summarily dismissed because it is plainly apparent that the Court lacks subject-matter jurisdiction over petitioner's sole claim for relief.

Federal court jurisdiction over habeas petitions filed by state prisoners is governed, in nearly all cases, by 28 U.S.C. § 2254(a). To invoke this Court's jurisdiction, a habeas petitioner must allege facts demonstrating (1) that the petitioner is "in custody" as to the state-court judgment he or she seeks to challenge and (2) that the petitioner's challenge to his or her custody involves an alleged violation of either (a) the United States Constitution, (b) federal laws, or (c) treaties of the United States. 28 U.S.C. § 2254(a); see Kirby v. Janecka, 379 F. App'x 781, 782-83 (10th Cir. 2010) (unpublished)[4] (explaining that § 2254(a) "authorizes federal courts to review habeas petitions

---

[4] The Court cites this unpublished decision for its persuasive value. See FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

only if the petitioner's claims satisfy both a status and a substance requirement. The status requirement mandates that the petitioner raise his claims while he is in custody, and the substance requirement mandates that those claims assert a right to release from that custody on federal law grounds."); McCormick v. Kline, 572 F.3d 841, 848 (10th Cir. 2009) ("Section 2254's in-custody requirement is jurisdictional.").

It is obvious from the petition that petitioner satisfies the status requirement as he is serving a sentence of life without the possibility of parole under the state-court judgment he identifies in the petition. Dkt. # 1, at 1. But even assuming the truth of the allegations in the petition, petitioner fails to satisfy the substantive requirement. Petitioner claims the state courts erroneously denied his request for post-conviction DNA testing, a request he made pursuant to Oklahoma's Postconviction DNA Act. Id. at 5. In support of this claim, petitioner alleges that certain evidentiary items recovered from the crime scene either were not previously tested for DNA or were tested and the results were not presented at trial. Id. He further alleges at least some of the evidence "is exculpatory." Id.

For three reasons, the Court does not construe petitioner's sole claim as presenting a federal question satisfying § 2254(a)'s substantive requirement. First, to the extent petitioner suggests that the state courts misapplied state law in denying his request for post-conviction DNA testing, he alleges only an error of state law. And an error of state law does not suffice to invoke federal habeas jurisdiction. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." (emphasis in original)); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (reiterating that "federal habeas corpus relief does not lie for errors of state law"). Second, to the extent petitioner asserts that the

state courts violated his right to substantive due process by denying his request for post-conviction DNA testing, he fails to state a federal claim. See <u>Dist. Atty's Office for the Third Judicial Dist. v. Osborne</u>, 557 U.S. 52, 72-73 (2009) (refusing "to expand the concept of substantive due process" to encompass "a freestanding right to access DNA evidence for testing" in state post-conviction proceedings). Third, while the Supreme Court in <u>Osborne</u> "left slim room" for a habeas petitioner to challenge state law regarding post-conviction DNA testing on procedural due process grounds, see <u>Skinner v. Switzer</u>, 562 U.S. 521, 524 (2011), petitioner's allegations do not suggest, much less support, that he is attempting to challenge Oklahoma's Postconviction DNA Act as unconstitutional. Rather, petitioner's claim is read most reasonably as attempting to challenge only the state courts' decision that he is not entitled to post-conviction DNA testing under Oklahoma law. See <u>Skinner</u>, 562 U.S. at 532 (explaining that "a state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action," and finding state prisoner's challenge to denial of request for post-conviction DNA testing could proceed because prisoner alleged state law governing post-conviction DNA testing was unconstitutional).[5]

## III. Conclusion

For the reasons just discussed, the Court finds that the sole claim for relief petitioner asserts in his habeas petition does not present a federal question sufficient to invoke this Court's jurisdiction

---

[5] Even if petitioner's claim could be construed as challenging the constitutionality of Oklahoma's Postconviction DNA Act, rather than merely challenging the state courts' adverse decision, he employs the wrong procedural vehicle to assert that claim. In <u>Skinner</u>, the Supreme Court held "that a postconviction claim for DNA testing is properly pursued" through a 42 U.S.C. § 1983 civil rights action, not a § 2254 habeas corpus action, because a request for post-conviction DNA testing neither necessarily implies the unlawfulness of the State's custody nor seeks immediate or speedier release from confinement. 562 U.S. at 525.

5

under 28 U.S.C. § 2254(a). The Court therefore concludes that the habeas petition shall be dismissed without prejudice for lack of subject-matter jurisdiction.[6] Further, because the Court finds that reasonable jurists would not debate this Court's determination that jurisdiction is absent in this case, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (identifying showings habeas petitioner must make to obtain certificate of appealability following adverse procedural ruling).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note on the record the substitution of Scott Crow in place of Joe Allbaugh as party respondent.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** for lack of subject-matter jurisdiction.

3. A certificate of appealability is **denied**.

4. A separate judgment of dismissal shall issue herewith.

**DATED** this 12th day of August, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[6] As previously stated, this is petitioner's second-in-time § 2254 habeas petition. Ordinarily, if a state prisoner files a second petition, this Court must consider whether the petition is, in fact, "second or successive" under 28 U.S.C. § 2244(b) and, if so, whether the petitioner obtained the requisite authorization from the Tenth Circuit Court of Appeals to file the petition. See 28 U.S.C. § 2244(b)(3)(A); In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008). However, because it is clear that this Court lacks subject-matter jurisdiction based on petitioner's failure to present a cognizable federal habeas claim, the Court finds it unnecessary to perform that analysis here.